UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
JABARI CLAHAR and DELLANO MARTINEZ,

                                                            Plaintiffs,

                -against-

P.O. PETER ARIGO (Shield #: 3760); P.O. "JOHN DOE";
COUNTY OF NASSAU.

                                                            Defendants.
------------------------------------------------------------------------X

(Jury Trial Demanded of all issues)

**COMPLAINT**

CV. No._____

       The Plaintiffs JABARI CLAHAR and DELLANO MARTINEZ, by their Attorney GARNETT H. SULLIVAN, ESQ., complaining of the Defendants alleges as follows:

## PRELIMINARY STATEMENT

**1.** This is a civil rights action in which the plaintiff seeking relief for the defendant's violation and deprivation, under the color of State law of plaintiff's rights secured by the Fourth and Fourteenth amendments of the New York and United States constitutions and under common law, and is being brought pursuant to 42 U.S.C. §1983.

**2.** Plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and equitable. A jury trial is demanded

## JURISDICTION

**3.** Jurisdiction is based upon and conferred to this Court by 42 U.S.C. §1983 and 28 U.S.C. §§ 1331 and 1343(3) and (4). Plaintiff further invokes this Court's pendent jurisdiction, pursuant to 28 U.S.C. §1367. Plaintiff further invokes this Court's pendent jurisdiction, pursuant to 28 U.S.C. §1367 (a) with respect to any and all State law claims and against all parties that are so related to the claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

## PARTIES

**4.** The plaintiff JABARI CLAHAR, at all times hereinafter mentioned, was and still is a Citizen of the United States and a resident of the State of New York and the County of Nassau.

**5.** The Plaintiff DELLANO MARTINEZ at all times hereinafter mentioned was, and still is a Citizen of the United States and a resident of the County of Nassau and the State of New York.

**6.** That upon information and belief the defendant P.O. PETER ARIGO was, and still is a Citizen of the United States and resident of the State of New York who is believed to have been a police officer duly appointed as such by the County of Nassau, at all times relevant hereto.

**7**. That upon information and belief the Defendant "JOHN DOE", whose true name is unknown, was and still is a Citizen of the United States and a resident of the State of New York duly appointed as and employed by the COUNTY OF NASSAU as a police officer at all times relevant to this complaint.

8. The defendant COUNTY OF NASSAU is a County of the State of New York.

## FACTUAL ALLEGATIONS

**9.** That on May 24, 2018 at approximately 4:00 P.M. the Plaintiff CLAHAR went to a building known as 900 Stewart Ave., in East Garden City, in the County of Nassau, State of New York for the purpose of serving a Family Court Petition upon Joy Ruiz who is the mother of his child

**10.** That upon arriving at the aforementioned premises the plaintiff advised the security officer at the lobby of the building of the reason for their visit. The security officer gave plaintiffs permission to be upon the premises.

**11.** The security officer called Joy Ruiz by telephone. Upon information and belief Joy Ruiz informed the security officer she was coming down to the lobby.

**12.** Upon information and belief instead of coming downstairs she called the ambulance and falsely claimed she was having a panic attack in order to avoid service of the aforementioned petition.

13.     Shortly thereafter the defendant police officers arrived at the premises and spoke to the security officer and plaintiffs.  Plaintiff MARTINEZ informed defendants that he did not believe Joy Ruiz was actually in distress but rather was trying to avoid service of a Family Court Petition.

14.     Defendants and plaintiffs then took the elevator to the floor where Joy Ruiz worked.  The defendant police officers entered the office where Ms. Ruiz work, shortly thereafter one of the defendants returned and told plaintiffs to go back to the lobby, so Plaintiffs returned to the lobby.

15.     A short time after defendants returned to the lobby and told plaintiffs that they were trespassing and that they must leave.  The security officer of the premises who was there to regulate and control permissive entry to the premises told the officers that she had given them permission to be in the lobby.

16.     That in the course of the conversation between plaintiffs and defendants, plaintiff CLAHAR handed the Family Court Petition to one the defendants.

17.     After defendants directed plaintiffs to leave the premises plaintiff took the petition from the defendant officer who had it in his hand.

18.     That the same officer then uttered words to the effect of "you think you're a tough guy.  You're going to jail.'  Defendant then forcefully and brutally knocked plaintiff CLAHAR to the concrete ground surface.  Both defendants then forcefully and viciously placed their knees on plaintiff CLAHAR's back and face for the sole purpose of causing him pain and discomfort, and stated "you're not so funny now."

19.     Defendants then proceeded to handcuff plaintiff CLAHAR while his face was being crushed against the concrete pavement.

20.     Plaintiff MARTINEZ picked up the petition which had fallen to the ground and asked the security officer to use her phone so he could call plaintiff CLAHAR's mother,  As plaintiff was on the phone with plaintiff CLAHAR's mother one of the defendant police officers placed plaintiff MARTINEZ under arrest by forcefully handcuffing him despite the fact that plaintiff MARTINEZ had not committed any arrestable offense.

**21.** That after the security officer asked plaintiff MARTINEZ for her phone back one of the defendants stated if she didn't walk away in five (5) seconds she would be arrested. She responded that she just wanted her phone back and was then immediately arrested by defendants.

**22.** Plaintiff CLAHAR was wickedly, maliciously and falsely charged with assault in the second degree, a felony, based on allegations by defendant ARIGO that plaintiff CLAHAR "did intentionally and forcefully grab a paper which was in the police officers hand and the abrupt action caused your deponent to fall, causing him injuries to his right wrist, hand, arm, right knee, ankle and shoulder."

**23.** That at the time defendant ARIGO made these false charges and allegations against plaintiff, defendant knew that these charges and allegations were wholly false but nevertheless transmitted and communicated them to the Nassau County District Attorney for the purpose of obtaining a false and unjust conviction of

**24.** Plaintiff CLAHAR was detained and imprisoned at various jails in Nassau County until he was released at his arraignment at approximately 3:00 P.M. on May 25, 2018.

**25.** That the criminal charge against plaintiff CLAHAR was pending for grand jury action until October 27, 2020 when it was adjourned in contemplation of dismissal pursuant to New York Crim. Proc. Law §170.55, and plaintiff was not convicted of said false charge.

**26.** Plaintiff MARTINEZ was maliciously, wickedly and falsely charged by defendants with the crime of criminal trespass.

**27.** That at the time the defendants made such charges against plaintiff MARTINEZ they knew full well that plaintiff had committed no such crime and that there was no reasonable cause for such charge but nevertheless communicated such false charges to the prosecutor and prepared and signed documents containing fabricated and false allegations for the purpose of securing the wrongful and unjust conviction of the plaintiff.

**28.** Plaintiff was prosecuted in Nassau County District Court but was never convicted of the charges fabricated against him by defendants.

**29.** Defendants P.O. ARIGO and P.O. "JOHN DOE" conspired and acted in concert in all of the aforementioned wrongful acts.

## FIRST CLAIM BY PLAINTIFF CLAHAR
## (False Arrest & Imprisonment – 42 U.S.C. §1983)

**30.** The plaintiff CLAHAR repeats, realleges and incorporates by reference the allegations set forth in paragraphs 1-29 with the same force and effect as if set forth at length herein

**31.** that the aforesaid arrest and imprisonment of the plaintiff by defendants in their capacity as law enforcement officers employed by defendant COUNTY OF NASSAU acting under the color of State Law, without any authority of the law and without any reasonable cause or belief that the plaintiff had committed the offense for which he was charged.

**32.** That the said defendants, their agents, servants and employees falsely arrested and illegally imprisoned the plaintiff and intentionally subjected plaintiff to confinement which plaintiff was conscious of and said confinement was not otherwise privileged or consented to by plaintiff.

**33.** That by reason of the aforesaid false arrest and imprisonment caused willfully and maliciously by the defendants, their agents, servants and employees, plaintiff was wrongfully deprived of his rights, privileges and benefits provided to him under the constitutions of the united States of America and the State of New York, Plaintiff was caused to be subjected to great discomfort, loss of liberty, significant indignities, ridicule, scorn, humiliation, mental distress and was prevented from attending to his usual activities and injured his reputation in the community and was further caused to incur monetary damages.

**34.** That the defendants committed the foregoing acts willfully and with malicious disregard for plaintiff's rights and is therefore liable for compensatory as well as punitive damages.

**35.** That the conduct of the police officer defendants complained of was in the course of and in the furtherance of their employment as police officers employed by COUNTY OF NASSAU.

## SECOND CLAIM BY CLAHAR
## (Excessive use of Force – 42 U.S.C. §1983)

**36.** Plaintiff CLAHAR repeats, reiterates and re-alleges each and every allegation set forth in the preceding paragraphs as though fully set forth at length herein.

**37.** That the defendants acting jointly, severally, and in concert with each other

**38.** In the course of arresting plaintiff defendants ARIGO and P.O. "JOHN DOE" applied excessive force upon the plaintiff's person that was objectively unreasonable under the circumstances.

**39.** That such excessive force included forcefully grabbing plaintiff CLAHAR, and viciously slamming his body and face to the concrete pavement then wickedly and forcefully placing their knee upon plaintiff's back and face as he was faced down on the concrete pavement.

**40.** Such force was totally unnecessary to effectuate the arrest of plaintiff since plaintiff offered no resistance to his unwarranted arrest.

**41.** That the aforementioned excessive use of force was constitutionally impermissible under the Fourth Amendment of the United States Constitution, and said conduct was under the color of state law in violation of 42 U.S.C. §1983.

**42.** The excessive force used upon plaintiff caused him great injury, pain, suffering and discomfort for which he is entitled to monetary damages.

## THIRD CLAIM BY CLAHAR
## (Violation of Due Process – 42 U.S. C. §1983)

**43.** Plaintiff CLAHAR repeats, reiterates and re-alleges each and every allegation set forth in the preceding paragraphs as though fully set forth at length herein.

**44.** That the defendant concocted and fabricated false evidence and information, including a fabricated District Court Information and forwarded such fabricated evidence and information to the Nassau County

District Attorney's Office for the purpose of influencing a jury to find the plaintiff guilty of the false and fabricated charge.

**45.** The defendants conduct violated plaintiff's constitutional due process rights and caused plaintiff to suffer a deprivation of liberty.

**46.** That the determination of this claim in plaintiff's favor will in no way invalidate a prior conviction of plaintiff in regard to the occurrence complained of since plaintiff was not convicted of any offense arising from this incident. (*Heck v. Humphry*, 512 U.S. 477; *McDonough v. Smith*, 139 S. Ct. 2149).

## FOURTH CLAIM BY CLAHAR
### (Conspiracy – 42 U.S.C. §1983)

**47.** Plaintiff CLAHAR repeats, reiterates and re-alleges each and every allegation set forth in the preceding paragraphs as though fully set forth at length herein.

**48.** That the defendants P.O. ARIGO and "JOHN DOE" conspired to commit all the aforementioned wrongful and unlawful acts under the color of State Law including to falsely arrest and imprison plaintiff, using excessive force against plaintiff and fabricating evidence against plaintiff.

**49.** The conspiracy by and between the defendants resulted in the actual deprivation of the following constitutional rights, privileges and immunities: (a) Plaintiff was deprived of his Fourteenth Amendment right to be free from unreasonable seizure of his person; (b) Plaintiff was deprived of his Fourteenth Amendment right to liberty, without due process of law.

## FIFTH CLAIM BY CLAHAR
### (Municipal Liability)

**50.** Plaintiff CLAHAR repeats, reiterates and re-alleges each and every allegation set forth in the preceding paragraphs as though fully set forth at length herein.

**51**. That the defendant COUNTY OF NASSAU is a "person" within the meaning of 42 U.S.C. §1983.

**52.** That at all times material to this complaint, the defendant COUNTY OF NASSAU acting through its police department had in effect de facto policies, practices, customs, and usages that were a direct and proximate cause of the unconstitutional conduct of the defendant police officer.

**53.** That it is common practice and common knowledge that police officers of the COUNTY OF NASSAU routinely arrest individuals and maliciously charge them with the criminal violations of which plaintiff was charged, in the absence of probable cause to believe the persons committed any such violation of laws.

**54.** That defendant COUNTY OF NASSAU is well aware of the foregoing facts and has received innumerable complaints of false arrest for such charges, but the COUNTY OF NASSAU has condoned such conduct, and has failed to take sufficiently reasonable actions to investigate and to institute polices to prevent or deter the police from charging innocent citizens of crimes of which they are wholly innocent.

**55.** Defendants, by their aforementioned acts, negligently failed to use due care in the performance of their duties in that they, among other negligent acts:

    (a) Failed to perform their duties as a reasonably prudent and careful police officer would have done under similar circumstances, including (but not limited to) conducting an improper and unlawful detention, seizure, and arrest; physically assaulting a person; and other acts which a police officer of ordinary prudence would have done;

    (b) Hired and retained incompetent and unfit police officers whom they knew, or should have known, possessed dangerous propensities and a lack of proper temperament and whom they knew, or should have known, harbored hostility toward persons who questioned or criticized police conduct, or asserted their legal rights;

    (c) Failed to exercise care in instructing police officers, officials, supervisors, and civilian employees as to their deportment, behavior, and conduct, including (but not limited to) failing to give proper instructions as to when citizens may be forcibly detained and taken into custody, as to the preparation and submission of accurate criminal charges, as to consequences of inflicting summary punishment and bringing false criminal charges; and as to the obligation of police officers to intervene to protect citizens threatened with violence or deprived of constitutional rights by other Nassau County police officers;

    (d) Failed to establish meaningful procedures for disciplining officers and other personnel who have engaged in such acts of misconduct

**56.** That despite the fact that numerous officers employed by the Nassau County Police Department have been found liable for false arrest and the use of excessive force by juries in Federal and State Courts, defendant NASSAU COUNTY has failed to discipline such officers or to implement policies adequate to deter such conduct.

## SIXTH CLAIM BY PLAINTIFF CLAHAR
## (Failure to Intervene – 42 U.S.C. §1983)

**57.** Plaintiff CLAHAR repeats, reiterates and re-alleges each and every allegation set forth in the preceding paragraphs as though fully set forth at length herein.

**58.** That defendant police officers had an affirmative duty to intervene on plaintiff's behalf to prevent violation of his constitutional rights despite having had a realistic opportunity to do so.

**59.** The individual police officer defendants failed to intervene on plaintiff's behalf to prevent violation of his constitutional rights despite having substantially contributed to the circumstances within which plaintiff's rights were violated by their affirmative conduct.

**60.** As a result of such failure to intervene plaintiff's constitutional rights were violated.

**61.** Plaintiff was caused to suffer violation of civil rights, pain and suffering, anguish, anxiety, fear, humiliation, legal expenses, emotional distress, and damage to his reputation and standing within the community.

## SEVENTH CLAIM ON BEHALF OF PLAINTIFF MARTINEZ
## (False Arrest and Imprisonment – 42 U.S.C. §1983)

**62.** Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs 1-29 with the same force and effect as though fully set forth at length herein.

**63.** that the aforesaid arrest and imprisonment of the plaintiff by defendants in their capacity as law enforcement officers employed by defendant COUNTY OF NASSAU acting under the color of State Law, without any authority of the law and without any reasonable cause or belief that the plaintiff had committed the offense for which he was charged.

**64.** That the said defendants, their agents, servants and employees falsely arrested and illegally imprisoned the plaintiff and intentionally subjected plaintiff to confinement which plaintiff was conscious of and said confinement was not otherwise privileged or consented to by plaintiff.

**65.** That by reason of the aforesaid false arrest and imprisonment caused willfully and maliciously by the defendants, their agents, servants and employees, plaintiff was wrongfully deprived of his rights, privileges and benefits provided to him under the constitutions of the united States of America and the State of New York, Plaintiff was caused to be subjected to great discomfort, loss of liberty, significant indignities, ridicule, scorn, humiliation, mental distress and was prevented from attending to his usual activities and injured his reputation in the community and was further caused to incur monetary damages.

**66.** That the defendants committed the foregoing acts willfully and with malicious disregard for plaintiff's rights and is therefore liable for compensatory as well as punitive damages.

**67.** That the conduct of the police officer defendants complained of was in the course of and in the furtherance of their employment as police officers employed by COUNTY OF NASSAU.

## **EIGHTH CLAIM BY PLAINTIFF MARTINEZ**
### **(Violation of Due Process Rights – 42 U.S.C. §1983)**

**68.** Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the preceding paragraphs as though fully set forth at length herein.

**69.** That the defendant concocted and fabricated false evidence and information, including a fabricated District Court Information and forwarded such fabricated evidence and information to the Nassau County District Attorney's Office for the purpose of influencing a jury to find the plaintiff guilty of the false and fabricated charge.

**70.** The defendants conduct violated plaintiff's constitutional due process rights and caused plaintiff to suffer a deprivation of liberty.

**71.** hat the determination of this claim in plaintiff's favor will in no way invalidate a prior conviction of plaintiff in regard to the occurrence complained of since plaintiff was not convicted of any offense arising from this incident.  (*Heck v. Humphrey*, 512 U.S. 477; *McDonough v. Smith*, 139 S. Ct. 2149).

## NINTH CLAIM ON BEHALF OF PLAINTIFF MARTINEZ
## (Conspiracy – 42 U.S.C. §1983)

**72.** Plaintiff repeats, reiterates, and re-alleges all the allegations set forth in the preceding paragraphs as though fully set forth at length herein.

**73.** That the defendants P.O. ARIGO and "JOHN DOE" conspired to commit all the aforementioned wrongful and unlawful acts under the color of State Law including to falsely arrest and imprison plaintiff, using excessive force against plaintiff and fabricating evidence against plaintiff.

**74.** The conspiracy by and between the defendants resulted in the actual deprivation of the following constitutional rights, privileges and immunities: (a) Plaintiff was deprived of his Fourteenth Amendment right to be free from unreasonable seizure of his person; (b) Plaintiff was deprived of his Fourteenth Amendment right to liberty, without due process of law.

## TENTH CLAIM BY PLAINTIFF MARTINEZ
## (Failure to Intervene – 42 U.S.C. §1983)

**75.** Plaintiff repeats, reiterates, and re-alleges all the allegations set forth in the preceding paragraphs as though fully set forth at length herein.

**76.** That defendant police officers had an affirmative duty to intervene on plaintiff's behalf to prevent violation of his constitutional rights despite having had a realistic opportunity to do so.

**77.** The individual police officer defendants failed to intervene on plaintiff's behalf to prevent violation of his constitutional rights despite having substantially contributed to the circumstances within which plaintiff's rights were violated by their affirmative conduct.

**78.** As a result of such failure to intervene plaintiff's constitutional rights were violated.

**79.** Plaintiff was caused to suffer violation of civil rights, pain and suffering, anguish, anxiety, fear, humiliation, legal expenses, emotional distress, and damage to his reputation and standing within the community.

## ELEVENTH CLAIM BY PLAINTIFF MARTINEZ
### (Municipal Liability 42. U.S. §1983)

**80.** Plaintiff repeats, reiterates, and re-alleges all the allegations set forth in the preceding paragraphs as though fully set forth at length herein.

**81**. That the defendant COUNTY OF NASSAU is a "person" within the meaning of 42 U.S.C. §1983.

**82.** That at all times material to this complaint, the defendant COUNTY OF NASSAU acting through its police department had in effect de facto policies, practices, customs, and usages that were a direct and proximate cause of the unconstitutional conduct of the defendant police officer.

**83.** That it is common practice and common knowledge that police officers of the COUNTY OF NASSAU routinely arrest individuals and maliciously charge them with the criminal violations of which plaintiff was charged, in the absence of probable cause to believe the persons committed any such violation of laws.

**84.** That defendant COUNTY OF NASSAU is well aware of the foregoing facts and has received innumerable complaints of false arrest for such charges, but the COUNTY OF NASSAU has condoned such conduct, and has failed to take sufficiently reasonable actions to investigate and to institute polices to prevent or deter the police from charging innocent citizens of crimes of which they are wholly innocent.

**85.** Defendants, by their aforementioned acts, negligently failed to use due care in the performance of their duties in that they, among other negligent acts:

    (a) Failed to perform their duties as a reasonably prudent and careful police officer would have done under similar circumstances, including (but not limited to) conducting an improper and unlawful detention, seizure, and arrest; physically assaulting a person; and other acts which a police officer of ordinary prudence would have done;

(b) Hired and retained incompetent and unfit police officers whom they knew, or should have known, possessed dangerous propensities and a lack of proper temperament and whom they knew, or should have known, harbored hostility toward persons who questioned or criticized police conduct, or asserted their legal rights;

(c) Failed to exercise care in instructing police officers, officials, supervisors, and civilian employees as to their deportment, behavior, and conduct, including (but not limited to) failing to give proper instructions as to when citizens may be forcibly detained and taken into custody, as to the preparation and submission of accurate criminal charges, as to consequences of inflicting summary punishment and bringing false criminal charges; and as to the obligation of police officers to intervene to protect citizens threatened with violence or deprived of constitutional rights by other Nassau County police officers;

(d) Failed to establish meaningful procedures for disciplining officers and other personnel who have engaged in such acts of misconduct

**86.** All of the aforementioned conduct by defendants caused damage to plaintiffs for which plaintiffs are entitled to monetary damages.

**WHEREFORE**, plaintiffs demand judgment jointly and severally against all defendants as follows:
- A. Compensatory damages
- B. Punitive damages
- C. Attorney's fees
- D. Costs and interest
- E. Such other and further relief as the Court deems proper.

Dated: South Hempstead, New York  /s/ Garnett H. Sullivan
June 2, 2020
**GARNETT H. SULLIVAN, ESQ.**
**Attorney for Plaintiffs**
1080 Grand Avenue
South Hempstead, NY 11550
(516) 285-1575
garnettsullivan@yahoo.com